| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Tina Milton, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-10-303 |
| | § | |
| Texas Department of Criminal Justice, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

   A woman sued her employer claiming that it failed to accommodate her disability and that it retaliated against her. Her claim will not survive as a matter of law.

2. *Background.*

   Tina Milton was a clerk at the Wynne Unit of the Texas Department of Criminal Justice. She monitored inmate mail from 1997 through 2006.

   In June of 2006, she began to complain of an allergic reaction to air fresheners that her co-workers used. She said that the fresheners – potpourri, scented candles, and oils that release a fragrance when heated electrically – caused coughing, shortening of breath, and aggravated asthma. She requested that the department accommodate her by removing the fresheners and other "strong odors."[1] When it could not, the department gave her ninety days of medical leave.

   Milton was on leave from January through March of 2007. The department required her to send it monthly notes from her doctor, while it searched for a position that would meet her needs. During this time, her doctor recommended that she be assigned to a position in a room free of dust, cleaning chemicals, and strong odors.

---

[1] Ptys' Sec. Am. Chron. 3.

After the ninety days, the department concluded that no position would accommodate her request – all units in the prison had dust, chemicals, and odors – and it closed her case. Because Milton failed to submit a medical note to continue on leave past the initial ninety days, the department fired her.

3. *Disability.*

Milton has not shown that she is disabled. A disability is a physical or mental impairment that substantially limits life – disfigurement, retardation, and loss of an organ that hinders walking, learning, or seeing may qualify.[2]

Milton says that she is "allergic to everything" – dust, candles, perfume, aerosols, air fresheners, grass, trees, mold, insecticides, cleaning chemicals, and cigarette and barbeque smoke.[3] She has taken antibiotics, undergone desensitization therapy, and twice had surgery on her sinuses. Her doctor has diagnosed her with "severe asthma" and says that she is "highly allergic to any kind of scent" making it "next to impossible" for her to work.[4] The doctor's reports are imprecise, universal, and inconsistent.

Although Milton has severe asthma and allergies, but they are not disabling. Brief coughing and shortness of breath caused by common odors do not rise to the level of impairment required to qualify as disabled under the Americans with Disabilities Act. Disabilities include uncontrolled epilepsy, cerebral palsy, and muscular dystrophy – not occasional or persistent allergic or asthmatic reactions.[5]

By her own admission, Milton's allergies do not substantially limit her ability to work at the prison. Almost two years after she requested that the department accommodate her, she admitted that she had recovered and could return to her position.[6] Since filing this claim, she

---

[2] 42 U.S.C. §12102(1) (2010); 28 C.F.R. § 35.104(1)(i)-(2) (1991).

[3] Milton Dep. 123, July 29, 2010.

[4] Chron. 5, 9.

[5] *See* Miles-Hickman v. David Powers Homes, Inc., 589 F. Supp. 2d 849 (S.D. Tex. 2008).

[6] Dep. 239-241.

has worked at a convenience store that sells scented items, such as laundry detergent.[7] She sat through a ten-hour deposition without suffering one allergic reaction. She did not request an odor-free room, and she ate dinner at a restaurant afterwards in Huntsville. By living there, Milton confronts her allergens on a daily basis. The city allows smoking everywhere, except in marked areas, and restaurants may allow smoking in up to seventy percent of their dining areas.[8] It would be impossible for Milton to avoid all strong odors in Huntsville. Those around her may chose to smoke, wear perfume, or light candles. It is not, within reason, for her to decide.

Milton's allergies may annoy her and cause her discomfort, but they are not disabling.

4. *Accommodation.*

While on leave, Milton gave the department two vague, inconclusive notes from her doctor. Both recommended that she work in a room free of dust, chemicals, and strong odors. The department searched among its vacancies, and after ninety days, it concluded that no unit in the prison was free of these things.

Given its few vacancies and Milton's impractical request, the department did what it could to reasonably accommodate her. It diligently searched for a position and met with Milton in person several times to discuss her options.

The department was not required to create a position for Milton in a room free of her allergens. That a reasonable accommodation did not exist is not retaliation. It is a foreseeable outcome.

5. *Leave.*

The department gave Milton three months of leave and told her to submit monthly reports from her doctor. She knew when the leave would end and when the department would stop searching for an accommodation. If she required more time, she had fifteen days to submit another note. She had the information she needed.

---

[7]Dep. 216.

[8]Huntsville, Tex., Ordinance 87-33, § 1 (Oct. 27, 1987).

Milton submitted notes in January and February but not in March. The department did what was required and then fired her.

Although Milton says that her doctor sent a fax in March, she has no evidence of one. The department and the doctor's office have no records of one, and the telephone company says that no calls were placed between the fax machines during this time.

Milton says that she called the department to confirm that it had received her note for March; however, she does not know to whom she spoke. Once she discovered that it had not received the note, she should have promptly submitted proof that her doctor had sent one. It was Milton's duty to comply with the leave policy. She did not.

6. Conclusion.

As a matter of law, Tina Milton has not shown that she is disabled. Tina Milton will take nothing from the Texas Department of Criminal Justice.

Signed on December 17, 2011 at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge